## JAMES HERVEY *versus* WILLIAM BANGS.

The verdict settles the amount of debt or damages for which the suit was instituted. If below twenty dollars, (in cases not excepted by the statute,) the verdict shows the cause of action was one within the jurisdiction of a trial justice.

Where, in an action of slander, the plaintiff, after having obtained a verdict for nineteen dollars damages, alleged exceptions which were overruled by the Law Court, and, at the time of rendition of judgment, the verdict, together with the accruing interest thereon, amounted to more than twenty dollars : — *Held*, that the plaintiff is entitled to only quarter costs. The defendant in such a case is not entitled to any cost.

CASE. Action of slander. Verdict for plaintiff for $19 damages, at Oct. term, 1864. Exceptions filed by plaintiff. Decision of Law Court received, (overruling the exceptions,) May 18, 1866. The interest on the verdict, after it

was rendered to time of final judgment, was 1,71 cts., so that the whole judgment for damages is 20,71 cts. Plaintiff claimed full costs, which clerk allowed. Defendant appealed to Judge KENT, and also claimed, before the clerk, his costs after verdict, which the clerk disallowed. This case was not entered on the docket of the district.

*Whitcomb*, for plaintiff.

*Phillips*, for defendant.

KENT, J. — The case of *Forbes* v. *Bethel*, 28 Maine, 204, would seem to be a direct authority in favor of the defendant to sustain his objection to the taxation of full costs for the plaintiff. It is urged, however, that that case was decided by two Judges only ; Mr. Justice TENNEY not sitting, and Mr. Justice SHEPLEY dissenting, and giving his reasons in full for his dissent. It is also said that one of the reasons given for the decision is not now found in the statute. The opinion of the majority refers to the language of the statute of 1841, as leaving it discretionary with the Court to allow interest on verdicts or not. The present statute, c. 77, § 29, seems to be imperative in requiring that interest shall be allowed. But it is evident that this was not the governing reason for the decision in that case.

But it is said that its force has been weakened, if not overthrown, by some subsequent cases. *Lewis* v. *Warren*, 49 Maine, 325 ; *Lawrence* v. *Ford*, 44 Maine, 427, in which it is said, that the general rule to determine whether the action ought to have been brought before a justice of the peace is the amount of the judgment.

The case of *Andrews* v. *Austin*, 2 Pick., 528, is however strongly corroborative of the case of *Forbes* v. *Bethel*, although it is not referred to in that opinion. In *Andrews* v. *Austin*, it was held, that where the statute provided that, if on appeal by plaintiff he does not *recover* more than $100, he shall recover no costs at court appealed to, and the verdict in the court appealed from was $90, but by reason of

interest after verdict, the final judgment was for a sum over $100, yet that the increase of amount of judgment by reason of accruing interest was not to be taken into account, and plaintiff was denied costs.

The general rule is unquestionably as stated in our recent cases, notwithstanding the change in the language of the statute. By statute of 1821, c. 59, § 30, it was declared that, (except in real actions and appeals,) if, in an action originally brought in the C. P. Court, *judgment shall be recovered for no more than twenty dollars* debt or damage, the plaintiff shall be entitled to one quarter of such debt or damage for his costs. Subsequently it was deemed advisable to extend the class of cases, which might be originally brought in the higher court, and to include in that class cases involving rights of way, or an easement, and other specified cases, and to allow full costs in those cases, although the judgment might be less than twenty dollars, for damages. Instead of naming specifically each of these excepted cases, as in the statute of 1821, the Legislature, in this provision for costs, changed the language from the sum recovered, viz., twenty dollars, and substituted the words, " when it shall appear, on rendition of the judgment, that the action should have originally been brought before a justice of the peace," quarter costs only shall be allowed.

The question, therefore, in every such case, is whether upon the whole facts it *appears* that the action should have been brought before the lower tribunal. The first question to be determined is whether, when the amount of debt or damage is less than twenty dollars, the case is within the exceptions. If not, then the next question is, whether the amount of debt or damage is beyond the jurisdiction of a justice. The case before us is not within the excepted cases, and full costs can only be allowed on the latter ground.

What is the damage intended? Is it the amount of the verdict, where one has been rendered, or is it the amount of

such verdict, increased by the interest *thereon*, after its rendition?

It is very clear that in case of a contract, drawing interest *as part of the contract*, it is not necessary that the plaintiff should have a good cause of action for twenty dollars when he *institutes* his suit, — if, before judgment, obtained and taken without unnecessary delay, the debt, including the interest as a part, amounts to more than twenty dollars. But in an action of *tort*, interest makes no part of the cause of action. It is not allowed *as such* in the damages. Something equivalent, as increased damages for detention or delay in recovering the actual damages, is sometimes allowed by juries, under the direction of the Court.

Now, when a party institutes a suit for an injury to his person, or his reputation, he sues for the actual injury, and claims and is entitled to recover the amount of that injury. If that amount is nineteen dollars, and no more, is it not a case which should have been brought before a justice of the peace? Or, if the verdict includes an additional sum by way of damages for detention, and yet amounts to but nineteen dollars, is it not apparent that the action is one of which such magistrate has exclusive original jurisdiction, so far as this question of cost is concerned? Such, it is not denied, would be the result, and the costs would be limited, if the judgment had been rendered upon the verdict at the term at which it was returned. But it is claimed that, by reason of delay, and by virtue of the provision allowing interest on the verdict, the plaintiff is entitled to recover judgment for more than twenty dollars.

It will be observed that this provision for interest on verdicts, and reports of referees is of modern date. Until within a few years, no interest on or increase of the amount of the verdict or report was allowed. Justice seemed to require that, in most cases, such addition should be allowed, as generally the delay is occasioned by the defendant, who interposes exceptions or a motion for a new trial. But in all cases, even those of contract, it is not the interest on

*the contract,* continued until judgment, but interest on the *verdict* rendered. It is no part of the cause of action, properly speaking. It is rather in the nature of a penalty for delaying the plaintiff in reaping the fruit of the decision in his favor. The verdict settles the amount of damage or debt for which the suit was instituted. If below twenty dollars, (in cases not excepted,) the verdict shows that the cause of action was one within the jurisdiction of a justice.

There is, however, a class of cases, and this one is included in it, where this reason for excluding the interest on a verdict on the question of costs operates still more strongly. It is where the delay has been occasioned by the plaintiff himself. It is true that the statute does not, in terms, exclude the recovery of interest in such a case. It probably was not brought to the consideration of the law makers. If it had been, it is not unlikely that a party, who by his own act delays judgment on a verdict, when the other party is willing that it should be taken, would have been precluded from recovering interest after such time. However this may be, it seems to me that, even in cases of contract where a case has progressed to the point where the defendant interposes no further objection to an immediate judgment for the plaintiff, but the cause is continued after verdict, or default or otherwise, by motion for a new trial, or by exceptions or continuance made by the plaintiff, and the motion or exceptions are overruled, or unavailing, or such continuance for judgment is unnecessary for any purposes of justice, and final judgment is rendered for such verdict, and, in addition thereto, for interest accruing thereon during the delay thus occasioned by the plaintiff, and the verdict is for less than twenty dollars, but by reason of such interest final judgment is for more than that sum, — quarter costs only should be allowed. And I think the same rule should be applied in cases of default, and unnecessary continuances for judgment. Any other rule is but a premium for delay. When a verdict, or the sum due on default and consent to judgment, is near twenty dollars, if by exceptions or motion, or continuances, the

case can be kept on the docket for one or more terms, the plaintiff can thus, against the will or wishes of the other party, obtain a final judgment by accruing interest for more than twenty dollars, and full costs. His temptation to interpose frivolous objections or unnecessary delay would be very great. On the whole, in my opinion, the appeal from the decision of the clerk allowing full costs, is sustained, and one quarter as much cost as damages only is to be allowed. The decision of the clerk disallowing costs to defendant is sustained.

> *In the decision that quarter costs*
> *only in this case could be allowed,* —

Appleton, C. J., Walton, Dickerson, Danforth and Barrows, JJ., concurred.