FRANCES R. SPRADER, TRUSTEE FOR HEIRS OF
ALEXANDER A. SPRADER, AND ANOTHER v.
HOWARD C. MUELLER.
JUNE L. BERG, TRUSTEE, v. FRANCES R. SPRADER
AND OTHERS.
LENA VOSSEN v. HOWARD C. MUELLER AND OTHERS.

130 N. W. (2d) 147.

July 24, 1964—Nos. 39,350, 39,351, 39,352, 39,372.

*Miley & Narveson* and *David W. Nord,* for appellant.

*Meagher, Geer, Markham & Anderson, O. C. Adamson II, M. J. Coyne,* and *Arthur H. Lindeman,* for respondent Sprader.

*Johnson & Ildstad,* for respondent Berg.

THOMAS GALLAGHER, JUSTICE.

Appeal by defendant, Howard C. Mueller, from judgments for plaintiffs in four actions arising out of a two-car collision. In a previous appeal from judgments entered against defendant, Sprader v. Mueller, 265 Minn. 111, 121 N. W. (2d) 176, the actions were remanded for a new trial on the issue of liability only, and this to be contingent upon whether the court found upon evidence then to be presented that a statement made by one plaintiff, Mrs. Frances R. Sprader, to her insurance adjuster 32 days after the accident while she was in the hospital was not privileged and accordingly should be received in evidence on the issue described.

It is undisputed that a few days after the statement had been signed by Mrs. Sprader her counsel, Arthur H. Lindeman, turned it over to the county attorney of Hennepin County for use in his investigation of the criminal aspects of the accident. It has always been Mrs. Sprader's contention that this did not constitute a waiver of the privileged nature of the communication, particularly in view of Minn. St. 595.02(5).[1] In addition she contends that since she did not at any time receive a copy of the statement it would be inadmissible in any event under the provisions of § 602.01.[2] It is defendant's contention

---

[1]Minn. St. 595.02(5) provides: "A public officer shall not be allowed to disclose communications made to him in official confidence when the public interest would suffer by the disclosure."

[2]§ 602.01 provides: "Any statement secured from an injured person at

that the delivery of the statement to the county attorney by Mrs. Sprader's counsel constituted a waiver of any privilege attached to it, notwithstanding § 595.02(5), and that it was admissible in evidence by reason of the fact that some of Mrs. Sprader's statements therein were inconsistent with her testimony at the trial; and that the delivery of a copy of the statement to her counsel within 30 days from the date it was made rather than to her personally constituted compliance with the requirements of § 602.01.

After the new hearing on this question and upon the evidence presented therein, the district court determined that the delivery of a copy of the statement to the county attorney as above described did not constitute a waiver of its privileged nature; that it was further privileged by virtue of § 595.02(5); and that in any event it was inadmissible under § 602.01 since no copy of it had ever been delivered to Mrs. Sprader as required therein.

The testimony upon which this determination was based may be summarized as follows:

*Orval Lehmkuhl,* investigator for Mrs. Sprader's insurer, testified that he had obtained the statement from her on March 26, 1959, (the accident occurred on February 22, 1959) at North Memorial Hospital in Minneapolis; that Mr. Arthur Lindeman, her counsel, had introduced him to Mrs. Sprader and then had left; that after taking the statement he had read it to Mrs. Sprader; and that a few days later upon Mr. Lindeman's request he had mailed the latter a copy of it, having previously agreed to do so, with the admonition that it was strictly confidential and not to go any further.

*Arthur Lindeman* testified that he represented Mrs. Sprader as attorney in connection with the accident; that he had been present in the hospital March 26, 1959, with Mr. Lehmkuhl just before the

---

any time within 30 days after such injuries were sustained shall be presumably fraudulent in the trial of any action for damages for injuries sustained by such person or for the death of such person as the result of such injuries. No statement can be used as evidence in any court unless the party so obtaining the statement shall give to such injured person a copy thereof within 30 days after the same was made."

statement was taken and had introduced Mr. Lehmkuhl to Mrs. Sprader; that 3 or 4 days later he had received a copy of the statement from Mr. Lehmkuhl; that shortly thereafter he had furnished a copy of it to John T. Gearty, then an assistant county attorney of Hennepin County (deceased prior to trial); that he had then asked Mr. Gearty if he could arrange to obtain fingerprints on the steering wheel of defendant's car and had been told that such fingerprints could not be obtained; and that Mr. Gearty had then stated that unless the statement were furnished to him his office would have to procure a statement directly from Mrs. Sprader for the investigation; that to avoid this because of Mrs. Sprader's illness, the witness had then told Mr. Gearty that he might have a copy of the statement but that it was confidential and not to be divulged to anyone else; and that he had not had any conversation with Mrs. Sprader after March 26, 1959, but had released the statement on his own authority as her counsel.

*Mrs. Frances R. Sprader* identified her signature on the statement but testified that she had no recollection as to making it and that she had not seen it at any time since March 26, 1959.

*George Scott,* county attorney of Hennepin County, testified that he had no personal knowledge of the investigation of this particular accident made by his office but that his office had an investigation file on it; that information he receives in the course of any investigation is not made available to the public; and that certain memoranda in the file, initialed by Mr. Gearty, indicated that in the latter's opinion there had not been sufficient evidence to prosecute for criminal negligence. After objections by defendant's counsel to certain questions propounded to his witness had been sustained, counsel for Mrs. Sprader offered to prove that in making any investigation the county attorney must rely upon the voluntary conduct of witnesses and attorneys who represent them, since he had no power to subpoena them; and that a breach of confidence by the county attorney's office with reference to such voluntary conduct on the part of witnesses and their attorneys would discourage the public from providing the county attorney with essential information in criminal cases.

*Clayton Narveson* testified that he was counsel for the defendant,

Howard C. Mueller; that as a part of his investigation of the facts surrounding the accident he had paid a visit to the county attorney's office in August 1959 and discussed the case with Mr. Gearty; that he had then looked at the statements in the county attorney's file in connection with this accident, one of which was that of Mrs. Sprader; and that at that time he had made a complete copy of it with the consent of Mr. Gearty.

*Arthur Geer,* also counsel for Mrs. Sprader, objected to producing the statement on the ground "that it is confidential in my hands, confidential in its present status."

In a memorandum attached to the order determining that the statement was inadmissible, the trial court stated:

"* * * It is the impression of this Court that the statement given to Mr. Gearty was given to Mr. Gearty at Mr. Gearty's request to assist the County Attorney in his investigation to determine whether or not Mr. Mueller was to be charged with a crime. It further appears that this statement was given to accommodate the County Attorney so that the County Attorney would not have to go to the hospital to secure a statement from Mrs. Sprader. It further appears that Mr. Lindeman, in giving the statement to Mr. Gearty, told Mr. Gearty that the statement was privileged and that it was not to be divulged by his office to anybody else. The fact that Mr. Gearty gave the statement to someone else [Mr. Narveson, counsel for defendant Mueller] does not waive the restriction placed upon Mr. Gearty by Mr. Lindeman.

"The giving of the statement by Mr. Lindeman to the County Attorney's office and the giving of the file containing said statement to counsel for Mueller is quite a common practice by the County Attorney, but in this Court's opinion should not be grounds for opening up the County Attorney's files to civil procedure and the trial of civil lawsuits."

The court also said:

"There isn't any evidence that at any time did Mrs. Sprader receive a copy of the statement which was taken from her while she was in the hospital recuperating from the injuries that she received in the

accident in suit. While her attorney, Mr. Lindeman, received a copy of said statement, the statute, 602.01, states unequivocally that the statements shall be given to the injured person. It is the Court's opinion that this exclusion or privilege goes to the injured person and cannot be waived unless the attorney has implied or specific consent from the injured person to so waive. In this case, the statement was given to the County Attorney while Mrs. Sprader was still in the hospital and there isn't any evidence that Mr. Lindeman had talked with Mrs. Sprader about this statement after it had been taken."

In our prior decision we stated (265 Minn. 117, 121 N. W. [2d] 180):

"* * * an attorney has the right to use privileged matter for legitimate bargaining purposes. In so doing, he may waive the privilege without committing any breach of his ethical obligation to respect his client's confidences.

"In the case at bar, counsel for Mrs. Sprader was dealing with a stranger to the cause. * * * it appears that counsel was anxious to have the prosecutor use his position to secure fingerprints from the Mueller steering wheel to establish the identity of the driver. In exchange he was willing to divulge his client's statement, both to spare her an interview and to accommodate the county attorney. Under these circumstances, we hold that he had implied authority so to do, and that it was error to deny appellant an *opportunity to lay a foundation for showing the attorney-client privilege had been waived.*

\* \* \* \* \*

"If the evidence which is received on the issue of waiver substantially conforms to what appellant has offered to prove, we hold the privilege has been waived, and Mrs. Sprader's statement, identified as appellant's exhibit 1, is admissible." (Italics supplied.)

The offer of proof thus referred to and made during the first trial was as follows (265 Minn. 114, 121 N. W. [2d] 178):

"* * * [I]t was a statement obtained by the investigator for her attorney, Mr. Lindeman, who *voluntarily* turned it over to the Assistant County Attorney, Mr. Gearty, and through that statement I pro-

pose to show through impeachment of her present testimony, and which she has now changed * * * that her husband did not stop for that stop sign as the stop sign that was at the highway and not the stop sign at the service road.

"* * * That the method in which we propose to show this, Your Honor, is simply to secure the piece of paper [the statement] from this young lady [file clerk in county attorney's office] * * * and then ask Mrs. Sprader whether, in fact, she made such a statement." (Italics supplied.)

■ The evidence submitted in the district court hearing establishes the facts which defendant had offered to prove at the previous trial. In our prior decision we held that if such facts were proved they would compel a finding that the delivery of a copy of the statement to the county attorney under the circumstances set forth in the offer of proof constituted a waiver of any privilege attached to the statement. Accordingly, it must follow that the trial court was presently in error in again holding that the privileged nature of the statement had not been waived by the procedure described. Sprader v. Mueller, *supra*.

■ Nor would the requirements of Minn. St. 595.02(5) compel a different ruling. This statute provides: "A public officer shall not be allowed to disclose communications made to him in official confidence when the public interest would suffer by the disclosure." The facts here do not differ greatly from those presented in Rockwood v. Pierce, 235 Minn. 519, 51 N. W. (2d) 670, where we held that, notwithstanding the limitations of § 595.02(5), a highway patrolman was not prohibited from testifying as to admissions made to him in the presence of a county attorney and others, by a defendant in an automobile accident, where there was no showing that public interest would be adversely affected by such testimony. See, also, Cole v. Andrews, 74 Minn. 93, 76 N. W. 962; Commercial Union Ins. Co. Ltd. v. Connolly, 183 Minn. 1, 235 N. W. 634.

Here we find it difficult to believe that public interest would suffer by the county attorney's disclosure of the contents of Mrs. Sprader's statement delivered to his assistant, particularly where the record reveals that the statement was given to counsel for defendant by the

assistant county attorney long prior to the first trial herein. It is true that Mrs. Sprader, in an attempt to show that public interest would suffer by the county attorney's disclosure of the statement, proved that in obtaining statements of this kind the latter was without power to subpoena witnesses; and offered to prove that he must rely entirely upon the voluntary cooperation of the public therein, so that if it were held that such statements were not privileged under § 595.02(5), the public would hesitate to extend such cooperation to the county attorney in future investigations. However true this might be in some cases, we do not feel that public interest would suffer here if the county attorney were required to reveal the contents of Mrs. Sprader's statement including any recitations therein which might be inconsistent with her testimony at the trial. It would follow that the trial court was in error in determining that the requirements of § 595.02(5) would prohibit disclosure of the statement. See, Commercial Union Ins. Co. Ltd. v. Connolly, 183 Minn. 1, 235 N. W. 634; Thaden v. Bagan, 139 Minn. 46, 165 N. W. 864; State v. Hoben, 36 Utah 186, 102 P. 1000.[3] (In State v. McCledon, 172 Minn. 106, 214 N. W. 782, the trial court's exclusion of testimony by the county attorney with respect to a statement made to him by an accomplice of defendant on the ground that it would be against public interest was upheld because the county attorney's claim had not been traversed or challenged in cross-examination.)

■ Respondent also contends that, notwithstanding that the privi-

---

[3]In Annotation, 165 A. L. R. 1302, 1312, the editor states: "* * * in several jurisdictions there are * * * general statutes which provide literally or in essence that a public officer cannot be examined as to communications made to him in official confidence, where the public interest would suffer by the disclosure. Although the decisions construing such statutes do not warrant the statement of a definite general rule, as a matter of result the courts have been loath to sustain a contention of privilege or nondisclosure asserted under such statutes, generally finding that in the particular situation the public interest had not been shown to be, or would not be, made to suffer by disclosure by the officer involved. The courts have also pointed out that the privilege accorded by such statutes is not for the benefit of parties to, or witnesses in, litigation."

lege attached to the statement may have been waived by delivery of a copy of it to the county attorney, the statement was inadmissible under the requirements of § 602.01 above quoted because no copy of it had been delivered to Mrs. Sprader within 30 days from the time she had made it. We doubt if § 602.01 would apply in a situation of this kind. In substance, the statement was made by Mrs. Sprader to her insurer at the request of her counsel, Mr. Lindeman, and thereby presumably gained its original privileged character under § 595.02(2). In our opinion § 602.01 would have no application to a written statement made by a person injured in an accident to his attorney, nor render such statement inadmissible for impeachment purposes (after the privilege attached to it had been waived) merely because the attorney had not delivered a copy of it to his client. Rather, we believe that this section was intended to relate to a statement made by such an injured person to someone other than his own attorney (where ordinarily such a statement would be privileged), such as an insurance adjuster, a private investigator, or an attorney representing adverse interests who might later have the occasion to use it against the party making it. With this in mind we conclude that the trial court was in error in determining that under this statute the statement was inadmissible because Mrs. Sprader had not received a copy of it.

Reversed and remanded with directions to proceed in accordance herewith and with Sprader v. Mueller, 265 Minn. 111, 121 N. W. (2d) 176.