160 N.W.2d 557 (1968)
INTEGRITY MUTUAL INSURANCE COMPANY, Appellant,
v.
STATE FARM MUTUAL INSURANCE COMPANY, Respondent.
No. 40438.
Supreme Court of Minnesota.
July 26, 1968.
Mortimer B. Miley, St. Paul, for appellant.
Meagher, Geer, Markham & Anderson and O. C. Adamson, II and Robert M. Frisbee, Minneapolis, for respondent.

OPINION
OTIS, Justice.
This is an action by the insurer of one joint tortfeasor to secure contribution from the insurer of another joint tortfeasor for interest paid on a verdict awarding damages for personal injuries.
The issues were tried pursuant to Minn.St. 548.24, which permits controversies to be submitted to the district court without a civil action.
The agreed facts are as follows:
"On February 22, 1959, Lena Vossen was injured, and Richard Berg was killed, in a collision between cars driven by Howard Mueller and Alexander Sprader. Lawsuits were begun by Lena Vossen for her injuries and by June Berg as trustee for the heirs of Richard Berg, for damages for his wrongful death. Defendants, so far as here material were Howard Mueller and Frances Sprader as special administratrix of the Estate of Alexander Sprader.

*558 "On January 13, 1961, each plaintiff had a verdict against Howard Mueller alone, as follows:

 "June Berg $14,000.00
 Lena Vossen $ 8,000.00

"Howard Mueller appealed to the Supreme Court. The amounts of the verdicts were not disturbed, but the issues of liability were ordered to be retried, if the trial Court should find, at a separate hearing, that certain evidence offered by Mueller was admissible. [Sprader v. Mueller, 265 Minn. 111, 121 N.W.(2d) 176.] The trial Court held that it was not. Mueller appealed again. The ruling was reversed. [Sprader v. Mueller, 269 Minn. 25, 130 N.W.(2d) 147.]
"Retrial of the liability issues took place, and on October 14, 1964, the jury found both Howard Mueller and Frances Sprader as administratrix liable. On December 31, 1964, plaintiffs were paid in full.
"Included in the payment to each plaintiff was interest from the date of the verdict to the date of payment, as follows:

 "June Berg $3,062.80
 Lena Vossen $1,748.56
 _________
 Total $4,811.36

"These amounts were paid by Integrity Mutual Insurance Company, which was Howard Mueller's insurer. State Farm Mutual Insurance Company was the insurer of Frances Sprader as administratrix. It denies any liability for interest, except for 50% of that accruing after October 14, 1964, amounting to $140.49. Integrity Mutual claims State Farm is liable for one-half of all interest accrued from the date of the original verdict, or $2,405.68.
"The parties request the Court to order judgment in favor of Integrity Mutual Insurance Company and against State Farm Mutual Insurance Company for either $140.49 or $2,405.68, depending upon which party has taken the correct view of the law, in the Court's opinion."
The trial court found that as to Sprader's insurer interest on the verdict rendered in 1961, which fixed damages, did not begin to run until the time of the verdict which established Sprader's liability on October 14, 1964. Mueller's insurer appeals from that judgment.
The statute on interest, Minn.St. 549.09, provides as follows:
"When the judgment is for the recovery of money, including a judgment for the recovery of taxes, interest from the time of the verdict or report until judgment is finally entered shall be computed by the clerk and added thereto."
Integrity relies for recovery on the following cases: Swanson v. Andrus, 83 Minn. 505, 86 N.W. 465; Lappinen v. Union Ore Co., 224 Minn. 395, 29 N.W.2d 8; Hallada v. Great N. Ry. Co., 244 Minn. 81, 69 N.W.2d 673; Employers Lia. Assur. Corp. v. Morse, 261 Minn. 259, 111 N.W.2d 620.[1] In the Swanson case we stated *559 the rule as follows (83 Minn. 510, 86 N.W. 467):
"* * * On the other hand, interest has not been allowed where the damages claimed were not only unliquidated, but could not be ascertained by reference to any generally recognized standard, or were, or any part of them, prospective or contingent, or the amount thereof depended in whole or in part upon the discretion of the jury. Actions for personal injuries, seduction, libel, slander, and false imprisonment fall within this classification."
The Lappinen case concerned a workmen's compensation claim where interest was denied because neither the amount of the award nor the fact of liability had been established during the period for which interest was sought. In the Hallada case, interest was allowed on a verdict, reduced by remittitur, from the time the defendant's liability to the plaintiff was determined. Finally, in the Morse case, interest was denied because damages had not been fixed by the jury on the date when liability was established.
Integrity contends that the 1961 verdict, which was final as to all parties with respect to the amount of damages, created a liquidated claim which started interest running even though Sprader was not found liable to the injured parties until 1964. No Minnesota case has been called to our attention where interest on a personal injury claim has been held to run before liability has been established. The language of Minn.St. 549.09, to be sure, does not necessarily preclude an award of interest by the jury or the court as part of the damages in the principal action where the claim is liquidated. We have said (County of Redwood v. Winona & St. Peter Land Co., 40 Minn. 512, 522, 42 N.W. 473, 477):
"* * * To render a person chargeable with interest there must be a promise, express or implied, to pay it, or some default of duty on his part in not sooner paying the money. * * * Both [interest and penalties] are in the nature of damages for a default of legal duty. The only difference is that one is in its nature compensatory, while the other is punitive."
We are reluctant to hold that before a defendant's liability has been fixed in a personal injury action he is in "default of legal duty" for failure to pay damages which have previously been established. It seems to us that in the typical two-car collision a driver's liability to passengers and other drivers is usually so uncertain and subject to so many unpredictable contingencies of law and of fact that he should not be regarded as derelict if he fails to admit liability and pay all of the injured persons who have asserted claims, until the question of fault has been litigated. To hold otherwise would bring about a harsh result in cases such as this where difficult issues of law and fact had not been resolved until three appeals had been taken.
The conclusion we reach finds support in the case of Cook v. Toney, 245 Md. 42, 51, 224 A.2d 857, 862. There the same problem arose. Damages had been fixed in one verdict but the liability of a joint tortfeasor was not established until a later date. The Maryland court held that under a statute similar to ours the only verdict which imposed liability for interest was the verdict which fixed liability for damages.
For the reasons stated, we therefore hold that Sprader's insurer, State Farm Mutual Insurance Company, is liable to Mueller's insurer, Integrity Mutual Insurance Company, for contribution on interest only from the date of the October 14, 1964, verdict against Sprader, and the judgment awarding plaintiff $140.49 is therefore affirmed.
Affirmed.
NOTES
[1] For a discussion of related problems, see Annotations, 1 A.L.R.2d 479; 4 A.L.R.3d 1221; 96 A.L.R.2d 1104; and 22 Am.Jur.2d Damages, § 191. Annotation, 96 A.L.R.2d 1104, 1106, note 1, makes the following observation:

"A distinction is generally recognized between what is known as conventional interest or interest eo nomine, and an allowance of interest by way of damages. The former is usually provided for and fixed by contract or statute and is generally considered part of the principal debt itself. The latter may be included as a factor in estimating the extent of damages and is granted upon the theory that the person committing a tort became bound at the time of its commission to make reparation, and for his delay in doing so the injured party is entitled to such interest as will recompense him therefor. Such an allowance is not interest eo nomine, but merely added compensation."