ANDREA MARIE McCORMACK, BY DONALD McCORMACK, HER FATHER AND NATURAL GUARDIAN, v. HANKSCRAFT COMPANY, INC.

161 N. W. (2d) 523.

August 30, 1968—No. 41,290.

*Murnane, Murnane, Battis & deLambert* and *Thomas J. Battis,* for appellant.

*Robins, Davis & Lyons, Solly Robins,* and *John F. Eisberg,* for respondent.

PER CURIAM.

Defendant appeals from a judgment and from an order overruling objections to the taxation of costs including $33,000 in interest on a verdict. The issue is whether interest began to run on the date the verdict was rendered, April 20, 1964, or whether interest did not accrue until the verdict was reinstated by this court in November 1967.

This was a products liability action in which plaintiff recovered a verdict of $150,000. Upon defendant's motion, the trial court granted judgment notwithstanding the verdict with a provision that if that part of its order was reversed it was also granting a new trial. Plaintiff appealed. This court reversed and reinstated the verdict. McCormack v. Hankscraft Co. Inc. 278 Minn. 322, 154 N. W. (2d) 488.

The applicable statute is Minn. St. 549.09, which provides as follows:

"When the judgment is for the recovery of money, including a judgment for the recovery of taxes, interest from the time of the verdict or report until judgment is finally entered shall be computed by the clerk and added thereto."

Defendant asserts that interest should not begin to run until the date on which our decision reinstated the verdict on November 17, 1967. It argues that interest is in the nature of a penalty which, under the circumstances of this case, should not be imposed because it had no reason to assume that under then existing law a new trial would not be granted. Our prior decision did overrule contrary cases and held that once an appeal is before us we will review the propriety of granting a new trial for reasons other than errors of law occurring at the trial.

In addition, defendant contends that the delay in satisfying the judgment was not attributable to any inaction on its part but was the result of plaintiff's perfecting her appeal. In support of its contention, defendant cites McKay v. Commercial Bank, 15 N. B. 324, and Hervey v. Bangs, 53 Maine 514. However, we are of the opinion that the better rule is enunciated in Espinoza v. Rossini, 257 Cal. App. (2d) 567, 65 Cal. Rptr. 110; Hewitt v. General Tire & Rubber Co. 5 Utah (2d) 379, 302 P. (2d) 712; and Reimers v. Frank B. Connet Lbr. Co. (Mo.) 273 S. W. (2d) 348.

The California court summed up our views as follows (257 Cal. App. [2d] 573, 65 Cal. Rptr. 114):

"* * * While the verdict of the jury and the ensuing judgment entered by the clerk temporarily lost its standing by reason of the erroneous granting by the court below of a new trial and a judgment notwithstanding the verdict, this court thereafter held that such orders of the trial court were void. Thereby, it was held by this court that the original judgment based on the jury's verdict was sound. As a matter of law, the original judgment has existed from the date on which it was entered by the county clerk, even though temporarily beclouded by the errors of the trial judge in granting successively the motions after judgment. There is no reason to deprive the winning party of the interest to which he has been entitled from the date of original entry of the verdict."

In the same vein, the Hewitt case concluded by stating (5 Utah [2d] 382, 302 P. [2d] 714):

"Nor can we see any good reason why plaintiff should lose his interest because defendant was able to convince the trial court to make an erroneous ruling."

We hold that interest is not, as defendant asserts, simply a penalty but is rather payment of a reasonable sum for the loss of the use of money to which plaintiff has been entitled since the time the verdict was rendered. The judgment is therefore affirmed.

Affirmed.