ORLANDO BASTIANSON AND ANOTHER v. WALTER ROY FORSCHEN AND OTHERS.
NANCY JEAN GAUL AND ANOTHER, APPELLANTS.

202 N. W. 2d 667.

October 27, 1972—No. 43811.

*William J. Nierengarten,* for appellant Gaul.
*F. Martin Senn,* for appellent Bell.
*Baudler & Baudler* and *William J. Baudler,* for respondents.

ROGOSHESKE, JUSTICE.

These two cases, consolidated for purposes of trial in the district court as well as being consolidated for appeal, have been here before. Bastianson v. Forschen, 293 Minn. 31, 196 N. W. 2d 451 (1972). This court affirmed in part and remanded for an adjustment of damages awarded to Orlando Bastianson, the surviving husband of Bertha Bastianson, the decedent.

At the trial, issues were submitted to the jury by special verdict in the form of special written findings upon all issues of ultimate fact, including damages, pursuant to Rule 49.01, Rules of Civil Procedure. The jury rendered its verdict on February 5, 1969, and the court, for reasons not disclosed, did not enter its findings of fact, conclusions of law, and order for judgment until June 11, 1969. Defendants Nancy Jean Gaul and Mavis Eleanor Bell appeal from the judgment entered by the trial court, which included interest on the amount of the verdict from February 5, 1969, the date of the rendition of the verdict. The appeal is submitted upon a stipulation of the facts recited above and without oral argument.

The sole issue raised is: Where a special verdict pursuant to Rule 49.01 is used in which all combined questions of law and fact are submitted, should interest on an award of damages be calculated from the date of the verdict or from the date of entry of judgment? We hold that the question is controlled by Minn. St. 549.09, requiring interest to run from the date of the verdict.

It is contended by appellants that under Rule 49.01 a jury does

not determine the ultimate outcome of the case, and until the trial court's findings of fact, conclusions of law, and order for judgment are issued, there is no way of knowing the amount of the verdict upon which to calculate the interest due. The answer, however, is governed not by Rule 49.01 but by § 549.09, which has not been superseded or in any way affected by our Rules of Civil Procedure and which provides:

"When the judgment is for the recovery of money, including a judgment for the recovery of taxes, interest from the time of the verdict or report until judgment is finally entered shall be computed by the clerk and added thereto."

Although the issue presented is one of first impression, in a prior decision interpreting this statute we held that interest should be calculated from the date the liability is established by the rendition of the verdict. Integrity Mutual Ins. Co. v. State Farm Mutual Ins. Co. 281 Minn. 78, 160 N. W. 2d 557 (1968). Where a general verdict is returned, it has long been held that interest on a money award accrues from the time of the rendition of the verdict.[1] It must be acknowledged that a special verdict in the form employed in this case possesses the same binding effect on the issue of liability as does a general verdict. The nature and legal effect of such a special verdict is well stated in the commentary to Rule 49.01 in 2 Hetland & Adamson, Minnesota Practice, p. 293:

"The jury's findings in response to the questions under a special verdict are binding on the court. Majerus v. Guelsow, 262 Minn. 1, 113 N. W. 2d 450 (1962) * * *. Constitutional provisions regarding the right to a jury trial are applicable in a special verdict situation. The use of a Rule 49.01 verdict form does not modify in any respect jury trial rights and the sanctity of the jury verdict. The trial judge, on his own motion, cannot reject any jury finding to a question submitted, but he may, on his own

---

[1] McCormack v. Hankscraft Co. Inc. 281 Minn. 571, 161 N. W. 2d 523 (1968); Hallada v. G. N. Ry. Co. 244 Minn. 81, 69 N. W. 2d 673 (1955).

motion, grant a new trial for errors committed in submitting questions to the jury or for jury error in making findings contrary to the evidence. See Rule 59.05. The trial court upon its own motion cannot grant judgment notwithstanding the special verdict. * * *

"Rule 58.01 requires the trial judge to direct the entry of the appropriate judgment upon the return of a Rule 49.01 special verdict. This follows as a matter of course, since the judge must apply the law to the facts as determined by the jury."

The proper time to make a postverdict motion is after the trial court has ordered the entry of judgment since a special verdict requires judicial action and since in the unusual case the parties may be uncertain as to the legal effect of the verdict until the court has applied the law to the jury's answers to the questions submitted. However, where such uncertainty exists, postverdict motions prior to the court's order are not precluded by Rule 58.01. Indeed, if proper precautions against delays are taken, an otherwise premature postverdict motion may be desirable to assist the court in directing a proper judgment. See, 2 Hetland & Adamson, Minnesota Practice, p. 294.

In this case, although subsequent proceedings modified the amount of the award, liability was established by the rendition of the verdict on February 5, 1969, from which date the interest on the adjusted amount should be calculated.

Affirmed.