Debra Ann JOHNSON (Pesta),
Respondent,

v.

Charles Evert MOBERG, defendant and
third-party plaintiff, Appellant,

v.

Jerry BETSINGER and Russell
Betsinger, et al., third-party
defendants, Respondents.

No. C7-84-36.

Court of Appeals of Minnesota.

Sept. 18, 1984.

Ronald R. Frauenshuh, Sr., Frauenshuh & Fahlberg, Paynesville, for respondent Debra Ann Johnson.

Steven Mattaini, Sahr, Kunert & Tambornino, Minneapolis, for appellant.

Peter E. Lind, Foster, Waldeck & Lind, Minneapolis, for Jerry Betsinger.

Heard, considered and decided by POPOVICH, C.J., and LESLIE, and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

This appeal is on an award of $6,065.35 interest as part of a judgment in a suit for negligence. The judgment was entered after retrial on liability issues, and interest was based on a final verdict on damages of over $30,000 rendered twenty-three months earlier. We reverse.

## FACTS

Respondent Debra Ann Johnson Pesta (Pesta) was injured in 1979 when the vehicle she operated collided with a vehicle operated by appellant Charles Evert Moberg (Moberg). Evidence amply demonstrating the fault of Moberg is reported in the opinion of the Minnesota Supreme Court in an earlier appeal. *See Johnson v. Moberg*, 334 N.W.2d 411 (Minn.1983). Respondents Jerry and Russell Betsinger (Betsingers) operate a ballroom where beer was served to Moberg prior to the accident.

The case was first tried in September 1981. Counsel for the parties stipulated that Moberg was negligent and that his negligence was a direct cause of the accident. They also stipulated that Pesta was not negligent.

Negligence of the Betsingers was also stipulated in the first trial, but counsel for these parties based the agreement on a trial court decision to hold them responsible for serving 3.2 beer to an "intoxicated" person. The Supreme Court later decided the Betsingers were responsible only if beer was served to one who was "obviously intoxicated." *Id.* at 414.

In the 1981 trial, the jury found damages of Pesta in the sum of $30,972.92. The jury found Moberg 55 percent liable and the Betsingers 45 percent liable. Only the Betsingers appealed, and the appeal was solely to question the standard of conduct imposed on them. The Supreme Court remanded for a new trial "limited to the liability issues." *Id.* at 414.

In August 1983, a jury found Moberg 100 percent at fault in the case. The trial court entered judgment that included interest on the 1981 verdict. The amount was calculated as provided for interest on verdicts under Minn.Stat. § 549.09 (1982). This appeal challenges only the inclusion of interest in the judgment.

## ISSUE

Is the plaintiff entitled to interest on a verdict for damages where liability issues are retried?

## ANALYSIS

As appellant asserts, interest is recoverable for "default in a legal duty" to pay a liquidated sum. *Integrity Mut. Ins. Co. v. State Farm Mut. Ins. Co.*, 281 Minn. 78, 160 N.W.2d 557 (1968). The obligation does not arise before the amount of damages is "readily ascertainable." *Potter v. Hartzell Propeller, Inc.*, 291 Minn. 513, 189 N.W.2d 499 (1971). The likelihood that damages still unliquidated would exceed insurance limits does not make them ascertainable in the amount of coverage before litigation is completed. *Hueper v. Goodrich*, 314 N.W.2d 828 (Minn.1982).

Similarly, an obligation calling for interest does not arise before liability is established. *Integrity Mut. Ins. Co., Id.* The Minnesota Supreme Court has said that apportionment of liability, like the determination of damages, is established if "readily ascertainable," *Northern Petro, Chem. Co. v. Thorsen & Thorshor, Inc.*, 297 Minn. 118, 211 N.W.2d 159 (1973), but in *Integrity Mutual Ins. Co., Id.*, the court concluded:

We are reluctant to hold that before a defendant's liability has been fixed in a personal injury action he is in "default of legal duty" for failure to pay damages which have previously been established. It seems to us that in the typical two-car collision a driver's liability to passengers and other drivers is usually so uncertain and subject to so many unpredictable contingencies of law and of fact that he should not be regarded as derelict if he fails to admit liability and pay all of the injured persons who have asserted claims, until the question of fault has been litigated. To hold otherwise would bring about a harsh result in cases such as this where difficult issues of law and fact had not been resolved until three appeals had been taken.

■ The trial court awarded interest because "no one challenged the finding that the Plaintiff was free from negligence." Respondent contends, "the only issue in the second case was whether or not [Moberg] could successfully hold Betsinger to co-liability in any amount."

It is true that the case involves compelling evidence on the liability of Moberg. The evidence prompted him to admit liability in the first trial and to admit at the same time that Pesta was not negligent. Moberg did not appeal a verdict that found he was a joint tortfeasor.

In spite of Moberg's apparent fault, his legal obligation remained unsettled at the outset of the second trial. The Supreme Court remanded the case without limitation for a new trial on "liability issues." All three parties approached the second trial without asserting a prior judicial decision limited liability issues and without agreement on those issues; for purposes of a record on this appeal, the parties stipulate:

XI. That the second trial occurred between August 23, 1983 and August 24, 1983.

XII. That at the conclusion of the evidence, the trial court directed a verdict against defendant Moberg on the issues of negligence and direct cause, over objection of counsel for defendant Moberg.

That no appeal from the verdict has been made by defendant.

XIII. That at the conclusion of the evidence, the trial court, over the objection of counsel for defendant and third party defendants, directed a verdict in favor of the plaintiff on the issues of her negligence and direct cause.

Evidence in the case shows without question that it was unlikely Moberg would be exonerated from liability as a joint tortfeasor, either by a finding that he was not at fault or a finding that Pesta was more at fault. Still, final judicial decisions on Moberg's liability did not occur until all evidence was received in the second trial.

The situation here resembles one in *Hueper*. There damages were "certain" to exceed an insured sum on which interest was charged for the period between a bifurcated trial on liability issues and a later trial on damages. The interest award was reversed in *Hueper* because the damages were not ascertained, even though recovery was likely. The Supreme Court observed that consideration of likely results would "emasculate" the settled rule limiting recovery of interest to established obligations. *Id.* at 831.

### DECISION

Interest was erroneously included in plaintiff's judgment and the trial court decision on that item is reversed.

Reversed.