**Albert J. BILOTTA, Jr., by his special guardian, Ernest E. CUTTING, Respondent,**

v.

**KELLEY COMPANY, INC., Appellant.**

**No. C1–84–1389.**

Court of Appeals of Minnesota.

Dec. 4, 1984.

John V. Norton, Howard P. Helgen, Tierney, Norton, Krieser & Helgen, P.A., Minneapolis, Thomas M. Mooney, Langlais, Smith, Mooney, Gilbert & Lattimore, P.A., St. Paul, for respondent.

J. Richard Baldwin, Webster & Baldwin, P.A., St. Paul, for appellant.

Heard, considered and decided by POPOVICH, C.J., and PARKER and SEDGWICK, JJ.

## OPINION

POPOVICH, Chief Judge.

Appellant appeals the trial court's award of prejudgment interest. Appellant claims the trial court's determination of prejudgment interest was incorrect because (1) prejudgment interest does not accrue before a defendant's liability is determined, (2) the trial court used an incorrect interest rate, and (3) the award was based on an erroneous finding regarding appellant's percentage of fault. We reverse.

## FACTS

This product liability action arose from an accident on December 5, 1977. After Pierringer releases with several defendants, a trial was held in November 1981. The jury assessed 2.3 million dollars in damages. Fifty percent of the fault was apportioned to appellant Kelley Company. Kelley appealed.

The Minnesota Supreme Court upheld the jury's determination of damages, but reversed the apportionment of fault. The matter was remanded for a new trial on the liability issues. *See Bilotta v. Kelley Company, Inc.,* 346 N.W.2d 616 (Minn.1984).

Shortly before the matter was to be retried, Kelley and Bilotta entered into a settlement agreement. Kelley's insurers were to pay $486,942 in a lump sum and $347,000 in a structured settlement. This settlement agreement "compromised all of plaintiff's claims for damages including interest after April 2, 1984, but specifically excluded from settlement any and all interest claims prior to April 2, 1984." Thus, the sole remaining issue for retrial was the issue of prejudgment interest.

The parties stipulated the second trial would be tried to the court on the first trial transcript, using the same exhibits from the first trial. If the court found Kelley liable, it would also decide if Bilotta should recover interest from the date of the first verdict to the second verdict.

In the second trial, the district court apportioned 55% fault to Kelley. The district court held Bilotta was entitled to interest from the time of the first verdict and awarded $292,142.36 prejudgment interest.

## ISSUE

Is a plaintiff entitled to interest on a verdict for damages where liability issues are retried?

## ANALYSIS

1. Appellant claims the trial court erred by awarding interest from the date of the first verdict. In an identical situation, this court held interest is not recoverable on a prior judgment for damages where liability issues are retried. *Johnson v. Moberg,* 354 N.W.2d 613, 614–15 (Minn.Ct.App.1984). *Moberg,* which was decided after the trial court's ruling in this matter, states:

> [A]n obligation calling for interest does not arise before liability is established.

*Id.* at 614; *see also Employers Mutual Insurance Company v. Oakes Manufacturing Company,* 356 N.W.2d 719 (Minn. Ct.App.1984).

Our holdings in *Moberg* and *Employers Mutual* follow the Minnesota Supreme Court's holding in *Integrity Mutual Insurance Company v. State Farm Mutual Insurance Company,* 281 Minn. 78, 160 N.W.2d 557 (1968), where the supreme court stated:

> We are reluctant to hold that before a defendant's liability has been fixed in a personal injury action he is in "default of legal duty" for failure to pay damages which have previously been established.
> * * * *
> The conclusion we reach finds support in the case of *Cook v. Toney,* 245 Md. 42, 51, 224 A.(2d) 857, 862. There the same problem arose. Damages had been fixed in one verdict but the liability of a joint tortfeasor was not established until a later date. The Maryland court held that under a statute similar to ours the only verdict which imposed liability for interest was the verdict which fixed liability for damages.

*Id.* at 82, 160 N.W.2d at 559.

2. The supreme court has occasionally found prejudgment interest proper before

liability issues were determined. *See, e.g., Polaris Industries v. Plastics, Inc.,* 299 N.W.2d 414, 418 (Minn.1980). Our review of the relevant cases, however, leads to one conclusion: Prejudgment interest is awardable in personal injury actions only if damages are "readily ascertainable" and liability issues are determined. *See, e.g., Summit Court, Inc. v. Northern States Power Company,* 354 N.W.2d 13, 16 (Minn.1984); *Potter v. Hartzell Propeller, Inc.,* 291 Minn. 513, 518, 189 N.W.2d 499, 504 (1971).[1]

3. We are concerned, however, because the original damage award was computed using the present discounted value of Bilotta's future damages. If the same damage award was calculated now, it would presumably reflect some of the interest awarded by the trial court. This problem apparently was not raised during the first appeal, and the Minnesota Supreme Court remanded only the liability issues. *Bilotta,* 346 N.W.2d at 625.

■ A petition for discretionary review on *Moberg* is pending in the Minnesota Supreme Court. Respondent has also petitioned the Supreme Court for accelerated review. Matters are not stayed in the Court of Appeals pending processing of such petitions. Therefore, we must apply the applicable rule of law and note the seeming inequity.

We do not consider appellant's second and third contentions because those issues require an answer only if we were to affirm this matter and reverse *Moberg.* They relate only to calculating the amount of prejudgment interest.

### DECISION

■ The trial court erred by awarding prejudgment interest in a personal injury action for periods before liability had been determined.

Reversed.

**1.** The Minnesota Legislature, during its 1984 session, amended Minn.Stat. § 549.09, subd. 1 (1982), to provide prejudgment interest in most cases. Act of April 19, 1984, Minn.Laws ch. 399,

§ 1. The newly amended statute was effective July 1, 1984, and does not apply here. *See* 1984 Minn.Laws ch. 472, § 2.