**WESTBROOK STATE BANK,**
Appellant,

v.

**Everett JOHNSON, et al., Respondents,**

**Federal Land Bank of St. Paul, et al., Defendants.**

No. C9–87–327.

Court of Appeals of Minnesota.

June 16, 1987.

Michael A. Stern, Fredrikson & Byron, P.A., Minneapolis, for appellant.

Michael K. Riley, W.M. Gustafson, MacKenzie, Gustafson, Lucas & Riley, Ltd., St. Peter, for respondents.

Before POPOVICH, C.J., and HUSPENI and FORSBERG, JJ., without oral argument.

## OPINION

POPOVICH, Chief Judge.

This matter involving default on a promissory note and declaration of rights under assignment of a contract for deed was originally tried and appealed to this court in 1984. *See Westbrook State Bank v. Johnson*, 358 N.W.2d 422 (Minn.Ct.App.1984).

After initially accepting further review, the Minnesota Supreme Court determined the petition was improvidently granted. *See Westbrook State Bank v. Johnson,* 401 N.W.2d 68 (Minn.1985). The case was remanded to the trial court for a 'reasonable remittitur of the jury's damages award. This appeal is from the trial court judgment entered on remand. Appellant Westbrook State Bank claims the judgment is improper because (1) its 1984 motion for judgment notwithstanding the verdict should have been granted, (2) no evidence supports the award following remittitur of $10,000 for compensatory damages, (3) punitive damages should not have been awarded, and (4) prejudgment interest awarded was improperly calculated. Respondents Everett and Eleanor Johnson by notice of review challenge the remittitur and the calculation of prejudgment interest. We affirm in part and reverse in part.

## FACTS

The factual and procedural background of this case is provided in *Westbrook State Bank v. Johnson,* 358 N.W.2d at 424–25.

After remand, the trial court ordered a single compensatory award of $10,000 and a single punitive award of $50,000. Respondents moved to increase punitive damages and for an order discharging of record the assignment of the contract for deed and discharging respondents from obligation to appellant on the promissory note and the assignment. The trial court discharged the assignment and respondents' obligations, but denied their request for increase of punitive damages. On October 17, 1986, respondents signed consent to the remittitur. They reserved, however, the right to cross-appeal the issue of remittitur in the event appellant challenged the final judgment.

The trial court's order for judgment awarded respondents $12,739 in prejudgment interest for the period January 19, 1984 to June 19, 1986. Judgment was entered on November 25, 1986.

Respondents moved to dismiss this appeal from the November 1986 judgment.

Both parties requested attorney fees. Consideration of the motion was deferred until determination of this appeal on its merits.

## ISSUES

1. Should this appeal be dismissed?

2. Did the trial court abuse its discretion in ordering a remittitur of the jury's damages award?

3. Did the trial court err in assessing prejudgment interest?

4. Should attorney fees be awarded?

## ANALYSIS

■ 1. Respondents seek to dismiss this appeal based on principles of res judicata and collateral estoppel or alternatively to bar consideration of certain issues based on the law of the case doctrine. The salient theory is that of law of the case.

The doctrine of law of the case is distinct from the doctrines of res judicata and stare decisis, even though similar underlying policy considerations are involved. Law of the case applies most commonly to situations where an appellate court has passed on a legal question and remanded to the court below for further proceedings. The legal question thus determined by the appellate court will not be re-examined on a second appeal of the same case. *See Lange v. Nelson-Ryan Flight Service, Inc.,* 263 Minn. 152, 155–56, 116 N.W.2d 266, 269 (1962).

*Brezinka v. Bystrom Brothers, Inc.,* 403 N.W.2d 841, 843 (Minn.1987).

We determined all issues regarding appellant's liability in *Westbrook State Bank v. Johnson,* 358 N.W.2d 422 (Minn.Ct.App. 1984), wherein we stated:

We do not believe "the ends of justice will better be served by ordering another trial in which a jury must be presented with the same evidence." *Vadnais* [*v. American Family Mutual Insurance* ], 309 Minn. [97] at 104, 243 N.W.2d [45] at 49 [1976].

*Id.* at 426. Our remand was only for remittitur of damages.

2. Appellant and respondents both claim the trial court by remittitur improperly set both compensatory and punitive damages.

The trial court's judgment regarding remittitur is entitled to great deference when the court carefully examines the verdict and explains its decision. If these requirements are met, the trial court's determination will be reversed only where there is a clear abuse of discretion.

*Kamrath v. Suburban National Bank,* 363 N.W.2d 108, 112 (Minn.Ct.App.1985) (citations omitted). After examining the record and the trial court's order on remand, we cannot conclude the trial court abused its discretion in evaluating the evidence and assessing damages.

3. Appellant and respondents both challenge the award of prejudgment interest. The trial court awarded interest from January 19, 1984, the date of the original jury verdict, to June 19, 1986, the date of filing of the trial court's remittitur order on remand. Appellant claims the earliest date interest should be awarded is October 17, 1986 when respondents accepted the remittitur. Respondents assert the period of the award should be extended to November 25, 1986 when the trial court's final judgment was entered.

When the judgment is for the recovery of money, * * * interest from the time of the verdict or report until judgment is finally entered shall be computed by the court administrator * * * and added to the judgment.

Minn.Stat. § 549.09, subd. 1 (1986).

Here the trial court properly awarded prejudgment interest from the date of the original verdict. *See McCormack v. Hankscraft Co.,* 281 Minn. 571, 161 N.W.2d 523 (1968) (when jury verdict is erroneously overturned by grant of post-trial motion, but later reinstated on appeal, prejudgment interest is awarded from date of original

verdict); *see also Bastianson v. Forschen,* 294 Minn. 406, 408, 202 N.W.2d 667, 668 (1972) ("interest should be calculated from the date the liability is established by the rendition of the verdict"). The court erred, however, in not awarding interest until the final entry of judgment on November 25, 1986, as required by the statute.

Respondents also request their statutory costs and disbursements of $458.42 as authorized by Minn.Stat. § 549.04 (1986). But section 549.04 only permits costs and disbursements for actions in the district court regarding employment benefits and is inapplicable here. Any costs and disbursements incurred on appeal may be recovered pursuant to Minn.R.Civ.App.P. 139.

4. Both parties request $825 in attorney fees for time expended in bringing and defending the motion to dismiss this appeal. Neither the motion nor the appeal are frivolous and therefore neither party is entitled to fees.

### DECISION

The trial court did not abuse its discretion regarding remittitur. Prejudgment interest is properly awarded from date of original jury verdict to final entry of judgment on November 25, 1986. The parties' motions for attorney fees are denied.

Affirmed in part and reversed in part.